PETROPLUS, JUDGE:
This claim arose from damage caused to the roof of the dwelling house of the Claimants situate near the Right of Way *86 of Interstate 64 in Cabell County, West Virginia, by a falling tree during a rainstorm and high wind 'on the night of December 21, 1967. The tree was a poplar 'about 60 feet high which was part of a clump of dead trees located on the State’s right of way about five feet from the property line. At the hearing certain facts were either stipulated or admitted by Counsel for the parties, such as the amount of the damage in the sum of $498.00, the death of Fred Hendricks after the filing of the claim, the ownership of the property by Ruth Hendricks and her two daughters, Rebecca and Carolyn Hendricks, and a partial subrogation of the claim in favor of Nationwide Insurance Company. In the interest of doing justice, the additional parties will be considered as claimants by agreement of the parties and stipulation, without requiring formal petitions to make them party claimants.
The evidence taken clearly disclosed that the undermining of the roots of the trees during the construction work of Interstate 64 in that area caused the trees to die, and become a hazard to adjoining property. A maintenance employee of the Respondent admitted that during his patrol of the Road he observed the dead trees, but since no complaints had been received no effort was made to remove them. He further admitted that he did not know how bad their condition was, but the trees were promptly removed ’after the accident. The failure of the Claimants to report the dangerous condition of the trees does not bar them from recovery when the condition is obvious from a routine patrolling of the road to the maintenance employees of the Respondent who are charged with the responsibility of removing hazards from the right of way.
It is the finding of the Court that the Respondent’s employees failed to exercise ordinary care under the circumstances, 'and that their negligence was the proximate cause of the damage. The falling of a tree or trees on the dwelling house five feet away during a rainstorm or high wind was a foreseeable consequence, and we therefore hold the Respondent liable for the damages caused to the dwelling house, there being nothing in the record before us to indicate that the Claimants were guilty of any contributory negligence.
*87 An award is accordingly made to the Claimants in the amount of $498.00 to be distributed as their interest may appear.
Claim allowed in the amount of $498.00.